cating that the engine and car were not on the usual and proper track for going southward to the objective point.

R. J. JORDAN, for plaintiff.

DORSEY, BREWSTER & HOWELL, for defendant.

---

## LANIER v. RATCLIFF.

SIMMONS, C. J.—The plaintiff in *certiorari* having on December 17th, 1892, applied for and obtained the judge's sanction of the petition for *certiorari*, and having on the same day filed the petition in the clerk's office, and the *certiorari* having been issued in due time and made returnable to the next term of the superior court, the case stood for trial at the May term, 1893, of that court; and the mere failure of the clerk to date the writ of *certiorari* afforded no excuse to the plaintiff in *certiorari* for failing to give the defendant in *certiorari* the notice required by law, that the same was returnable to and stood for a hearing at the term last mentioned. Accordingly there was no error in dismissing the *certiorari* for want of such notice.          *Judgment affirmed.*

January 14, 1895.

*Certiorari.* Before Judge RONEY. Burke superior court. December term, 1893.

The case was tried in the justice's court on November 17th, 1892. The petition for *certiorari* was sanctioned on December 17, and filed in the clerk's office of the superior court of Burke county on the same day. The clerk issued the writ of *certiorari*, directing the magistrate to certify and send up the proceedings "to the next May term of said superior court." This writ was not dated. On the first day of the May term, 1893, the magistrate filed his answer. The case was not heard at that term. On September 23, 1893, defendant caused plaintiff to be served with written notice of the sanction of the writ and the filing of the answer, further stating that the case "will be heard and determined in vacation by H. C. RONEY, judge of the superior courts of the Augusta circuit, at his office in Augusta, Ga., or at such

place as he may determine upon ten days notice to parties litigant or their attorneys, as provided by an order passed by the judge of the superior court presiding in said Burke county on May 24th, 1893; or if not heard in pursuance of said order, it will be heard at the courthouse of said Burke county during the December term, 1893, of the superior court of said county, or at such other time and place as said court may direct." The *certiorari* was dismissed for want of due notice of sanction and of time and place of hearing. The order of dismissal was assigned as error, because: (1) It did not appear from the writ that the *certiorari* was returnable to the May term, 1893, and the notice was given in time for the December term, 1893. (2) The answer not being filed till the May term, 1893, the case could not be heard at that term, and notice was not necessary until the time for hearing had been determined.

E. H. CALLAWAY, for plaintiff in error.
JOHNSTON & BRINSON, *contra.*

DORSETT *v.* HOULIHAN *et al.*

SIMMONS, C. J.—Where by the terms of a trust deed it was provided that the trustee should receive for his services in selling and conveying the property described in the deed and executing the trust ten per cent. of the proceeds of the sale, " which commission for said trustee it is agreed . . . is a proper and reasonable commission, taking into consideration the circumstances of the property hereby conveyed," and where the trustee employed another person as auctioneer to conduct a sale of the property and a sale was made by the latter, which failed of consummation because of the inability of the purchaser to pay for the property, and thereafter another sale was made by the auctioneer, which was fully completed, then even if the trustee, after retaining his full compensation under the deed, had the right to pay the auctioneer for his services any commission at all out of the balance of the proceeds of the sale, certainly the latter was not entitled, as against the trust estate, to receive out of such balance his commissions upon both sales. If, after allowing the trustee his ten per cent.,