## GREEN v. THE STATE.

SIMMONS, C. J.—1. The main witness for the State upon the trial of an indictment for the larceny of a hog having testified positively that the animal stolen was a male, and this being the only witness who testified concerning the sex of the animal actually stolen, the fact that another witness testified that previously to the trial the first witness had stated to him this animal was a female was no proof at all that it was in fact of the latter sex. The only legal effect of the evidence of the second witness was to impeach the first. *Watts* v. *Starr*, 86 *Ga.* 392; *Central Railroad Co.* v. *Maltsby*, 90 *Ga.* 630.

2. It being alleged in the indictment that the hog stolen was a female, and the only evidence bearing on the question of sex as to the animal actually stolen showing that it was a male, there was a fatal variance between the charge and the proof, and consequently the verdict of guilty was contrary to law and the evidence. This is true although the prosecutor testified he had lost a female hog of a like color and size about the same time, there being no proof whatever showing that the accused was in any manner connected with the larceny of this female hog, if in fact it was stolen at all.

January 28, 1895.                    *Judgment reversed.*

Indictment for simple larceny. Before Judge REESE. Wilkes superior court. November term, 1894.

Defendant was charged with stealing a sow-hog belonging to Callaway, and was found guilty. A new trial was denied, and he excepted. He was employed by Callaway in April, 1894, when Callaway (as he testified) lost a red listed sow-shoat from his pasture. One Burns testified, that on a Sunday morning defendant told him he was going to borrow Callaway's road-cart to go after his rations. He went away and returned, when Burns saw blood on his feet and asked him for "some of that beef" he had bought. He replied he had not bought any beef, and went on and returned the road-cart. His wife came up, passed her own house and went on to Burwell Cofer's house. He told her Jule (defendant) "had done come," and further told her not to "go up there." She said, "Yes, I is going," and went to Cofer's house, pulled open the window and

peeped in. Later in the day fresh pork was cooked and eaten at defendant's house, he being present; and it seemed to be plentiful. About eleven o'clock of that morning, he inquired of another witness if the latter wanted to buy some fresh meat of him. Cofer testified, in substance, that at defendant's instance he went with him into the pasture where defendant caught the hog and Cofer held a bag for him to put it in. They carried it about a quarter of a mile, when the hog got out of the bag and defendant killed it. Cofer skinned it and put it into his father's shuck-house. This was on Saturday evening. The next morning defendant came with the road-cart and carried away his part of the hog, together with flour and bacon which Cofer had carried there for him. Cofer testified, that "this was Mr. Callaway's hog; it was about a dollar and a half or two dollar size; it was a boar. I say it was a boar-hog; it was red and a list across it."

The indictment described the stolen hog as "one red listed sow-hog weighing about 30 pounds, of the value of one and one half dollars." Callaway was reintroduced after defendant closed, and on cross-examination testified: "I asked Burwell what shoat it was he killed, and he told me they killed that sow-shoat." Defendant objected to this as hearsay. It was admitted on the statement of the solicitor-general, that he had been entrapped by the witness Burwell Cofer. This ruling is assigned as error. Callaway further testified that this shoat was one of a litter of six or seven, and somebody had killed three of them. He missed other shoats and this sow-shoat. He could not swear whether this was a sow or a boar. While he was inquiring about this hog in controversy, Burwell said that was the one that was killed; she was a sow-shoat; and this particular sow-hog was then missing; that witness knew of his own knowledge, and he had never seen her since. Re-

called, Burwell Cofer testified: "I told Mr. Callaway this was a boar—this one that was killed. The hog we are talking about now was a boar-hog; it had never been altered."

IRVIN & WYNNE, for plaintiff in error.   W. M. HOWARD, solicitor-general, by HARRISON & PEEPLES, *contra*.