Argued May 7, decided June 4; rehearing denied July 16, 1912.

## STATE v. ISLEY.

[124 Pac. 636.]

INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—EVIDENCE—SUFFICIENCY.

1. Evidence in a prosecution for unlawfully selling intoxicating liquor *held* to support a verdict that the liquor sold was intoxicating.

WITNESSES—IMPEACHMENT—CONVICTION OF CRIME.

2. Under Section 863, L. O. L., expressly providing that a witness may be impeached by the record of a judgment of conviction of a crime, it was not error to charge that a record of conviction in evidence might be considered in determining the credit to be given to the testimony of accused where the jury were told that they could not infer accused's guilt from the record.

INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—EVIDENCE—SUFFICIENCY.

3. Under the express provision of Section 4937, L. O. L., that to convict for violations of the local option law by an agent or servant it shall not be necessary to show the principal's knowledge, where the evidence showed a sale of liquor at the "stand" conducted by accused, it was sufficient to support a conviction, although the witness testifying to the sale did not know whether the sale was made by accused or an employee.

From Wallowa: JOHN W. KNOWLES, Judge.

The defendant, J. W. Isley, was convicted of unlawfully selling intoxicating liquors, and from the judgment resulting from said conviction, he appeals.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. Daniel W. Sheahan.*

For the State there was a brief over the names of *Mr. Francis S. Ivanhoe,* District Attorney, and *Mr. Andrew*

*M. Crawford,* Attorney General, with an oral argument by *Mr. Ivanhoe.*

MR. JUSTICE MOORE delivered the opinion of the court.

The defendant, J. W. Isley, was convicted of the crime of unlawfully selling intoxicating liquor, alleged to have been committed in Wallowa County July 4, 1911. He appeals from the judgment rendered against him, contending that an error was committed in overruling a demurrer to the indictment, interposed on the ground, *inter alia,* that the facts alleged therein were insufficient to constitute the commission of a crime. The material parts of the accusation are substantially the same as in the indictment in the case of *State* v. *Runyon,* 62 Or. 246 (123 Pac. 259), and no error was committed in that respect.

The orders of the county court of that county, declaring the result of an election to have been in favor of prohibiting the sale of intoxicating liquors in the county as a whole, and absolutely prohibiting such sales, except for the purposes and under the regulations specified by law, were received in evidence over objection and exception, and it is maintained that errors were thereby committed. The admission of this evidence is complained of on the ground that the indictment was insufficient, but, having determined that the accusation stated facts adequate to constitute the commission of the crime charged, no error was committed as alleged.

1. It is insisted that the testimony received was not sufficient to substantiate the charge, and, such being the case, an error was committed in denying the request of defendant's counsel to instruct the jury to return a verdict of not guilty. Charles Hug, a witness for the State, testified that he saw the defendant sell to Fred Savage, the person named in the indictment as the purchaser, a bottle of liquid; that the witness drank a part of the con-

tents of the bottle, and from the taste and effect thereof he recognized the fluid to be real beer; and that he had for several years been accustomed to drinking such liquor.

Fred Savage testified that, when he purchased the liquid, he did not remember of having seen the defendant at the place where the sale was effected; that he did not recollect that the substance which he bought and a part of which he drank had any stimulating effect; that he had no doubt, however, that it was just straight beer; that, if it had been imbibed before partaking of a repast, it might have affected him; that he had eaten two meals before drinking the liquid; and that he considered the beverage was beer.

If this testimony was believed by the jury, as it undoubtedly was, as is evidenced by their verdict, it was sufficient to establish the fact that the sale was made by the defendant and that the liquor disposed of was intoxicating. No error was committed in this respect.

2. The State, over objection and exception, was permitted to offer in evidence a duly authenticated copy of a judgment of the circuit court of the State of Oregon for Wallowa County to the effect that the defendant herein had entered a plea of guilty to an indictment charging him with an unlawful sale of intoxicating liquor in that county, whereupon he was sentenced. Based on such evidence the court charged the jury as follows:

"That you can only consider this judgment for the purpose of determining the credit to be given to the testimony of the defendant. You cannot consider this record as a circumstance from which you might infer the guilt of the defendant, J. W. Isley."

To the giving of this part of the charge an exception was taken, and it is maintained that errors were thereby committed. The defendant having appeared as a witness in his own behalf, it was competent for the purpose of impeaching him to show by the record of the judgment

that he had been convicted of a crime. Section 863, L. O. L. The copy of the judgment was admissible in evidencc, and no error was committed in charging the jury that such record might be considered in determining the weight to be given to the defendant's testimony. *State v. Reynor*, 50 Or. 224 (91 Pac. 301) ; *State v. Deal*, 52 Or. 568 (98 Pac. 165).

Other alleged errors are assigned, but, considering them unimportant, the judgment should be affirmed, and it is so ordered.                    AFFIRMED : REHEARING DENIED.

---

Decided July 16, 1912.

ON PETITION FOR REHEARING.
[124 Pac. 637.]

MR. JUSTICE MOORE delivered the opinion of the court.

In a petition for a rehearing exception is taken to a statement contained in the opinion herein, to wit:

"Charles Hug, a witness for the State, testified that he saw the defendant sell to Fred Savage, the person named in the indictment as the purchaser, a bottle of liquid."

A re-examination of the bill of exceptions shows that the language thus employed is not strictly justified by the sworn declarations of the designated witness, who, having stated that on the evening of July 4, 1911, he saw the defendant, was asked, "What was he doing?" and replied: "Well, he was working in a stand at the head of the lake."

Q. "Whose stand was it?"

A. "Why, I suppose it was his. * *"

Q. "Did you see Mr. Savage buy anything that evening at the stand of Mr. Isley where he was workin~ ?"

A. "I did."

Q. "Now, tell the jury what it was that you saw Mr. Savage do there in the way of buying, or what it was and what he paid for it, if anything."

A. "He bought a bottle of beer and paid 50 cents for it."

On cross-examination, in answer to the question, "And Mr. Isley said it was good beer?" the witness replied, "Damned good beer." In referring to the bottle containing the liquid purchased, Hug was asked, "Did you see the defendant hand it to Mr. Savage?" and answered:

"I saw Mr. Savage hand 50 cents to—lay 50 cents on the counter, and he set out a bottle of beer."

Q. "Now, who set the bottle of beer out?"

A. "I don't know; somebody working in the stand."

Q. "You don't remember whether Mr. Isley or—."

A. "I don't know whether Mr. Isley or the man working in there."

3. The local option law contains a clause as follows: ·

"In all prosecutions under this act, * * it shall not be necessary * * to show the knowledge of the principal, to convict for the acts of an agent or servant." Section 4937, L. O. L.

What was intended to be said in the part of the opinion to which attention is called was that Hug testified that he saw Savage purchase at the defendant's "stand" a bottle of beer. Whether the sale was made by the defendant or his agent or servant is immaterial; for, if the jury believed the sworn declaration of that witness, they were authorized, under the clause of the statute quoted, to find the defendant guilty. We think it sufficiently appears that the sale was made at the "stand" conducted by the defendant, and that the testimony justified the verdict returned.

The petition is denied.

Affirmed: Rehearing Denied.