## STALLINS *v.* SOUTHERN RAILWAY COMPANY.

1. Where there is conflicting evidence as to the issue in the case, and one party introduces a written statement made out of court by a witness who has testified on behalf of the other party, not as evidence of the truth of such statement, but for the purpose of impeaching the witness, it will not require a new trial if the court omits to charge that the statement so introduced should be considered by the jury solely for the purpose of impeaching the witness, in the absence of a request for such an instruction.

2. Where a written statement made out of court by a witness was admitted in evidence for the purpose of impeaching such witness, and counsel for the party on whose behalf the witness had testified mistakenly objected to the allowing of such statement to be carried by the jury to their room, when they retired to consider the case, on the ground that such paper had not been introduced in evidence, permitting the paper to be

carried out with them by the jury, over such an objection, furnished no ground for a new trial.

3. The evidence was conflicting, but was sufficient to support the verdict; and there was no error in overruling the motion for a new trial.

MAY 15, 1913.

Action for damages. Before Judge Bell. Fulton superior court. June 17, 1912.

*A. H. Davis,* for plaintiff.

*McDaniel & Black* and *Edgar A. Neely,* for defendant.

LUMPKIN, J. 1. The plaintiff claimed that while in the service of the defendant he had been hurt by reason of a sudden, negligent jerk given to what was called "a transfer car," which he was in the act of leaving. The defendant contended that there was no such jerk, but that the injury occurred by reason of the careless manner in which the plaintiff stepped from the car. A witness was introduced by the plaintiff, and testified as to the manner in which the transfer car was being operated, and the occurrence of the jerk when the plaintiff was injured. To impeach this witness, the defendant offered in evidence a written statement which had been made by another person who was working with the plaintiff when he was injured, together with a writing signed by the witness for the plaintiff, entered on the same paper as the statement above mentioned, and adopting it except in certain specified particulars. It conflicted with his testimony. When this paper was offered, objection was made to it; but upon the explanation of counsel for the defendant that the paper was not offered as the statement of the person who first signed it, but as the statement of the witness who had testified for the plaintiff, counsel for plaintiff said: "For that purpose I think it is admissible. I object to any statement made by any other person in that paper." The statement was thereupon admitted. Error was assigned, because the court did not give instructions to the jury limiting them to considering the statement in so far as it might tend to impeach or contradict the oral testimony of the witness, and in his charge gave no instruction to that effect. One ground of the motion for a new trial was based on this alleged error. It has frequently been held by this court that if evidence is admissible for any purpose, the fact that it is not admissible for all purposes furnishes no ground for its exclusion. *Nugent* v. *Watkins,* 129 *Ga.* 382 (58 S. E. 888); *McCommons* v. *Williams,* 131 *Ga.* 313, 319 (62 S. E. 230); *Becker* v.

*Donalson,* 133 *Ga.* 864 (67 S. E. 92). Where there is conflicting evidence as to the issue in a case, and certain evidence is also admitted for the purpose of impeaching a witness, it has been held not to be error requiring a reversal for the court to omit to charge on the subject of impeachment. *Brown* v. *McBride,* 129 *Ga.* 92 (7), 93 (58 S. E. 702). Under such circumstances, where statements of a witness, not a party, made out of court, were introduced to impeach such witness, it has also been held not to require ·a reversal if the court omits to charge that the impeaching evidence should be considered by the jury solely for that purpose, and not as direct proof, in the absence of a request for such charge. *Long* v. *State,* 127 *Ga.* 350 (4), 355 (56 S. E. 444).

The decisions relied on by counsel for the plaintiff in error to support the contrary contention are not in conflict with the one last cited, when considered in connection with the facts involved. In *Watts* v. *Starr,* 86 *Ga.* 392 (12 S. E. 585), it was held that though· declarations made out of court by a witness (not a party to the case, or one whose admissions could affect the parties) may be used to impeach such witness, they can not be treated as substantive evidence to establish the facts which they affirm, and a charge of the court so treating them, whether expressly or by necessary implication, is erroneous; and that such a charge is vicious as based on an assumed state of facts, where this class of declarations is the only evidence to which it could apply. In *Central Railroad &c. Co.* v. *Maltsby,* 90 *Ga.* 630 (16 S. E. 953), a similar ruling was made. In each of those cases there was no evidence as to a material fact, unless the statements of a witness, made out of court, and admissible solely for the purpose of impeaching such witness, could be considered as direct proof of the fact. There was therefore no legal evidence of the fact in question, and it was error for the court to charge the jury on the assumption that there was such legal evidence, or in a manner to lead them to believe that this evidence, which was admitted solely for the purpose of impeachment, should be considered by them as affirmative proof of the fact in controversy. It will be readily seen that this is a very different proposition from holding, as a general rule, that an omission on the part of a judge to charge as to certain evidence admitted for purposes of impeachment, and the extent to which the jury could consider it, will require a reversal, in the absence of a proper request for a charge on the subject.

In the case before us the defendant introduced evidence to show that there was no jerk, and no such negligence on its part as the plaintiff alleged. In addition to that, it introduced a written statement made out of court by a witness who had testified on behalf of the plaintiff, conflicting with some of his testimony. The charge of the judge did not direct the jury to consider the statement of the witness out of court as being direct proof of the substantive fact in issue, nor was it so expressed as to lead the jury to believe that they should so consider it, as in the cases above cited. Counsel for the plaintiff at no time requested the court to instruct the jury as to the extent to which they could consider the impeaching evidence.

In *Jones* v. *Harrell,* 110 *Ga.* 373 (35 S. E. 690), it was said that where a witness denied making certain declarations, evidence tending to show that he did make them was admissible, not for the purpose of establishing the fact to which they related, but only to contradict him; "and the trial judge should so instruct the jury." On turning to that part of the opinion dealing with this subject (p. 381), it appears that a witness was asked if he had not told certain persons that he was the agent of his wife, and he denied having done so. A witness was later introduced to show that he had so stated. Objection was made to this evidence. The objection was overruled, and the evidence was admitted for the purpose of contradicting the witness, "the judge remarking at the time that he would charge the jury as to the effect of it." This, however, he failed to do, and such failure was held to be error, which might have affected the finding, as the existence of the agency was a material fact in the case. It will be seen that the point as to the limitation upon the jury in considering this testimony was brought to the attention of the court, and that he recognized it, and stated that he would give the jury a proper instruction on the subject. It was accordingly unnecessary to further request that he should do so. The objecting party no doubt relied upon the statement of the court, and therefore did not make any request on the subject. The difference between that case and the one under consideration is plain.

It is the better practice for the presiding judge to instruct the jury as to the purpose for which evidence admitted solely to impeach a witness, such as statements made out of court conflicting

with his testimony, may be considered. But it can not be laid down as a general rule that an omission to do so will necessitate a reversal.

2. A written statement having been admitted in evidence for the purpose of impeaching a witness, there was no error in allowing the jury to take it to their room, when they retired for the purpose of considering the case. Counsel objected to this, on the ground that the paper had not been introduced in evidence; but as he was in error in that position, the overruling of the objection furnished no ground for a new trial.

3. The evidence was conflicting, but was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.          *Judgment affirmed. All the Justices concur.*