Argued October 15; affirmed November 17, 1931; rehearing
denied January 5, 1932

# STATE *v.* GILBERT

(4 P. (2d) 923)

*Wm. W. Harcombe,* of Dallas, for appellant.

*Eugene V. Slattery,* Deputy District Attorney, of
Eugene (Alta King, District Attorney, of Eugene, on
the brief), for respondent.

BROWN, J. The record discloses the following facts:

■ About August 1, 1930, defendant purchased and received delivery of about thirty thousand feet of pine lumber from Ernest E. Hyland, giving in payment thereof his check in the sum of $470 on the Multnomah State Bank, which he represented to Hyland was good. When presented, the bank refused payment because defendant did not have sufficient funds in his bank account to cover it. At the time the check was issued, and at the time of its presentation, defendant had less than $39 on deposit in his checking account.

Upon the trial of the case, the defendant became a witness on his own behalf and upon cross-examination was asked:

"Q. Is it not a fact, Mr. Gilbert, that you were convicted in the state of Montana of the crime of obtaining money by a fraudulent draft?

"A. I pleaded—

"Q. Answer yes or no.

"A. Yes.

"Q. You were convicted of obtaining money by a fraudulent draft. Plead guilty to it, didn't you?"

Defendant's counsel interposed an objection and a motion to strike out the remark and the answer made, whereupon the following colloquy took place:

"The Court: Ask him if he was convicted of a crime.

"Mr. Slattery. I have the right—

"The Court: There is a proper way to show it.

"Mr. Slattery: The kind of a crime goes to the—

"The Court: You have a right to show it, and he has already answered."

The defendant made no objection to the question in the first instance, and objected only when the prosecuting attorney repeated it in another form. This question was disallowed, and the witness did not answer. The ruling of the court was in harmony with the statute, which provides:

"A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth is bad; or that his moral character is such as to render him unworthy of belief, but not by evidence of particular wrongful acts; except that it may be shown by the examination of the witness or the record of the judgment that he has been convicted of a crime." Oregon Code 1930, § 9-1911.

For former cases in support of this section, see *State v. Reyner,* 50 Or. 224 (91 P. 301); *State v. Deal,* 52 Or. 568 (98 P. 165); *State v. Isley,* 62 Or. 241 (124 P. 636); *State v. Rathie,* 101 Or. 339 (199 P. 169, 200 P. 790); and *State v. Brennan,* 111 Or. 479 (227 P. 275). In *State v. Edwards,* 106 Or. 58 (210 P. 1079), these provisions of the Code were held to be merely declaratory of the common law upon the subject (citing *State v. Hunsaker,* 16 Or. 497 (19 P. 605). Moreover, that a witness may be impeached on his cross-examniation by showing that he has been convicted of a crime is definitely settled in this state. For information concerning the holdings of other authorities, see Underhill, Crim. Ev. (3d Ed.), § 388; 10 Ency. Pl. & Pr., p. 314. In 6 A. L. R., at page 1608, there appears an exhaustive annotation upon the right to cross-examine the accused as to previous prosecution for, or the conviction of, a crime for the purpose of affecting his credibility. See, also, 40 Cyc. 2607, 2610. It is important to remember that evidence of a defendant's former conviction is admissible

upon the theory that it is impeaching evidence and affects the credibility of the defendant as a witness, and is not evidence of guilt of the crime charged in an indictment: Underhill, Crim. Ev. (3d Ed.), § 388.

The general practice adopted by the trial courts of this state to enable the prosecution to receive the benefit of this method of impeachment is for the district attorney to follow the language of the statute and to ask the defendant if he has ever been convicted of a crime. If the defendant answers in the affirmative, that is the end of the matter so far as the state is concerned. The defendant may, if he wishes, explain what the crime was, or, if this is not done, the prosecuting attorney may introduce the record of the judgment showing that the defendant has been convicted. This method was evidently the one adopted by the learned trial judge in the instant case as he suggested to the prosecuting attorney, "Ask him if he was convicted of a crime."

Later in the cross-examination of the defendant, he was asked:

"Isn't it a fact that you gave Freeman and Deardorff your worthless check for $250 and asked them to send their check to the bank?

"A. No.

"Q. You gave them your check?

"A. Yes; but it didn't have anything to do with that. Well, after Freeman come to me and told me.

"Q. It was considerably after this, wasn't it, before they gave the check?

"A. No.

"Q. Well; in reliance on that they sent their check down there.

"A. No.

"Q. You deny that too, do you?

"A. Yes."

Here an objection was interposed and a motion made to strike out the questions and answers as improper cross-examination. Objection was overruled and motion disallowed.

The defendant testified in his direct examination at considerable length, and gave what he contended was a complete history of the transaction with Hyland, the prosecuting witness, and with John Frezen of the Salem Box Company. The gist of his story was that the lumber that formed the basis of this prosecution was bought from Hyland to resell to the Salem Box Company, and that defendant got a trade acceptance from Frezen with which he intended to take care of the payment of the check he had given to Hyland. He also testified that he had some dealings with Freeman and Deardorff by which they were to send their individual check to the bank as a partial payment on the check delivered to Hyland. This testimony opened the door for the cross-examination complained of. The defendant also complains that, in rebuttal, the above-mentioned John Frezen, as a witness for the state, was permitted, over his objection, to testify concerning this trade acceptance, as well as another trade acceptance which defendant received from Frezen. This testimony is in the same position as is the cross-examination last referred to. The defendant having testified concerning the transaction, the state then had the right to go into it fully.

The defendant objected to certain portions of the argument of the district attorney. We think that the evidence in the case justified the argument made, and, particularly, that part of the argument to which the defendant objected.

The defendant assigns error of the court in refusing to give certain instructions requested by him. We have carefully studied these requested instructions and the instructions given by the court as well; and we are satisfied that the instructions given fully and fairly presented to the jury all matters covered by the instructions requested by the defendant.

Finding no error, the judgment will be affirmed.

BEAN, C. J., RAND and CAMPBELL, JJ., concur.