STATE OF WEST VIRGINIA *v.* LESTER NELSON

(No. 8866)

Submitted May 9, 1939. Decided June 13, 1939.

*McCauley & McCauley,* for plaintiff in error.
*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Defendant was arrested with hands, clothes and shoes freshly bloodied, as he attempted to run from a barn where three hogs, belonging to another, had just been surreptitiously butchered; and he was convicted and sentenced for their larceny. He contends that the evidence was insufficient to convict him, and that no asportation of the hogs was proved.

Defendant's admitted explanations to the arresting officer of his presence at the barn, first, that he was just "going through that way", and later, that he "came by there hunting" (he had no gun), and his explanation to the jury of his bloody condition, when arrested, that he had helped his father kill hogs that day (four hours before his arrest), are inadequate; and while the evidence of his guilt is circumstantial, the circumstances, in our opinion, sustain the verdict.

The hogs were found lying together, closely side by side, with entrails removed. That situation could not reasonably have existed unless the hogs had been shifted after they were killed. The removal of property from the

place it occupies, even "a hair's breadth", with intent to steal, will complete the offense of simple larceny. *State v. Chambers,* 22 W. Va. 779, 46 Am. Rep. 550.

The indictment described the hogs as one red Duroc Jersey hog and two Black Poland China hogs. The proof was simply that one was a red hog and the other two were black hogs. The ancient rule requiring that the description of property stolen be proven in the terms of the indictment was designed to prevent the accused from being misled or subjected to second jeopardy for the same offense. Here, defendant testified that after his arrest, he saw in the barn the same three slaughtered hogs which were described at the trial by witnesses for the state. Both he and the state understood fully at the trial that he was accused of and was being tried for the larceny of those identical hogs, irrespective of their genealogy. He was not misled, nor can be he successfully impleaded again for the larceny of the red hog and the two black hogs which were slaughtered in the barn. We cannot see that he is prejudiced in any manner because the state failed to show that the red hog was of a breed known as Duroc Jersey and the two black hogs of a breed known as Poland China. The tendency of modern courts is to ignore a variance between allegation and proof unless the variance is material. "Variances are regarded as material in criminal cases only when they mislead the defendant in making his defense, and may expose him to the danger of being again put in jeopardy for the same offense." 22 Ency. Pl. and Pr. 551. Accord: *Cannon* v. *Commonwealth,* 243 Ky. 302, 47 S. W. (2d) 1075.

The judgment is affirmed.

*Affirmed.*


RILEY, JUDGE, dissenting:

With deference, I dissent from the majority opinion. It seems to me that the instant record discloses a clear case of a variance between the proof and the indictment. Here, the indictment charged the larceny of one red Duroc Jersey hog and two black Poland China hogs. The proof

was to the effect that the hogs stolen were a red hog and two black hogs. Generally, in an indictment for the larceny of an animal, the simple use of the generic term in the indictment is sufficient to include all members of the genus. Thus, it has been held that there is no variance if the indictment charges the larceny of a horse and the proof shows the larceny of a mare. *State* v. *Gooch*, 60 Ark. 218, 29 S. W. 640; *People* v. *Pico*, 62 Cal. 50; *People* v. *Melandrez*, 4 Cal. App. 396, 88 Pac. 372. Where, however, the article stolen is described with unnecessary particularity, the proof must correspond with the description. 2 Wharton on Criminal Evidence (11th Ed.), sec. 1064, Note 7; Niblack's Underhill on Criminal Evidence (4th Ed.), sec. 86, note 6. Thus, it has been held that where an indictment charges the sex of an animal, it must be proved as alleged or the variance will be fatal. *Green* v. *State*, 95 Ga. 463, 22 S. E. 289. In *State* v. *Jackson*, 30 Me. 29, the Supreme Court of Maine held, "Where an indictment for larceny contains any particulars descriptive of the property stolen, though not necessary to be inserted, they must be proved in the trial." There the failure to show the horse to be a gelding, it having been described in the indictment as a black gelding horse, was held to be a fatal variance. In *State* v. *Noble*, 15 Me. 476, the same court held that under a charge of taking a pine log, conviction could not be had for the taking of an oak or birch log. I think that the foregoing authorities represent sound law and that in the interests of justice the requirement that the proof should conform strictly with the allegations of the indictment should not be relaxed.

For these reasons, I would reverse the judgment of the circuit court.

KENNA, JUDGE, concurring:

I concur in the result of the majority opinion, but reach that conclusion by a different method of reasoning.

The accused was indicted for having feloniously stolen, taken and carried away "one red Duroc Jersey hog of the value of Twenty-two Dollars and Fifty Cents ($22.50),

314

one black Poland China hog of the value of Fifteen ($15.00) Dollars, and one black Poland China hog of the value of Fifteen ($15.00) Dollars, and of the total value of Fifty-two Dollars and Fifty Cents (52.50) of the goods * * *." Naming the breed of the animals, I take it, would require only proof that they are to be so classified according to the commonly accepted use of the terms "Duroc" and "Poland China." Certainly no side issue could be raised involving proof that they were pedigreed hogs.

However, it seems to me that the indictment is to be taken as describing live animals (see Beale's Criminal Pleading & Practice, section 161, page 123, and 17 R. C. L., page 58, paragraph 63), and if so, it necessarily follows that the asportation of *live* animals is the required proof for a conviction. Deferentially, it strikes me that the quoted language of the Court's opinion relates to the asportation of *dead* animals. The opinion refers to the fact that the hogs "* * * were found lying together, closely side by side, with entrails removed." The opinion continues: "That situation could not reasonably have existed unless the hogs had been shifted after they were killed." The asportation of dead animals would be proof which, to my mind, would not be relevant to charges contained in the indictment. But I believe that the proof that these animals were found side by side with their entrails removed amply justifies a circumstantial finding that the state had shown an asportation of live animals.

They were, of course, domestic animals.