## 36817.   HENRY GRADY HOTEL CORPORATION *v.* GRADY MOTORS.

DECIDED SEPTEMBER 27, 1957.

418

*Thomas J. Long, Ben Weinberg, Jr.,* for plaintiff in error.

*Henry B. Troutman, Jr., Harold C. McKenzie, Jr.,* contra.

QUILLIAN, J. In the absence of demurrers to the petition, it is to be reasonably construed in favor of the plaintiff as alleging that Mr. Connell was impliedly authorized by the owner of the automobile to do the acts he is alleged to have done; that Connell entered into a contract of bailment with Henry Grady Hotel,

the terms of which were that the possession of the automobile was delivered to the hotel for the purpose of being delivered to an independent bailee, the Atlanta Parking Service, Inc., either by having the automobile driven by an agent of the hotel to the Atlanta Parking Service, Inc.'s place of business or by delivering the possession of the automobile to an agent of Atlanta Parking Service, Inc., at the front of the hotel where it was placed by Mr. Connell. To be construed as setting forth a cause of action, the petition must also be construed to allege that the automobile was in contemplation of law in the possession of an agent or employee of the hotel at the time it was damaged and for the purpose of the consideration of this case only, the petition is so construed. Attention is directed at the allegation that Mr. Connell received a parking ticket showing the party with which the bailment agreement for the storage of the automobile was made by the hotel and there is not the slightest intimation that any representative of the hotel held the parking garage out as belonging to the hotel or used by it for parking customers' cars as an incident of hotel service or that the hotel chose an unreliable or irresponsible party to store the car. With these observations as premises, we turn to the question whether the evidence supported the allegations of the petition, express or implied. We conclude that the evidence was not sufficient to authorize a verdict for the plaintiff for the reason that it did not authorize a finding that in contemplation of law the automobile was in the actual or constructive possession of the hotel at the time it was damaged. The plaintiff undertook to offer such proof but the witness by whose testimony the fact was sought to be established testified that the keys to the automobile were delivered to him by an employee of the Atlanta Parking Service, Inc., and not by the hotel doorman. If the jury believed this testimony, the hotel was exonerated because the testimony showed that possession of the automobile had passed from the hotel to the Atlanta Parking Service, Inc., and the hotel's responsibility had ceased. An attorney for the plaintiff sought to impeach the plaintiff's own witness, entrapment having been claimed, by showing prior contradictory statements. If the impeachment attempt was successful, the effect was to eliminate the testimony of the witness Clarence Redding from the case in which event

the plaintiff's evidence was devoid of testimony showing that the automobile was in the possession of the hotel, in contemplation of law, when it was damaged, so as to give rise to a presumption of negligence on the part of the hotel. The declarations of Clarence Redding out of court are not substantive evidence of what they affirm. *Watts* v. *Starr,* 86 *Ga.* 392 (12 S. E. 585); *Central R. & Bkg. Co.* v. *Maltsby,* 90 *Ga.* 630 (16 S. E. 953); *Luke* v. *Cannon,* 4 *Ga. App.* 538 (62 S. E. 110); *Green* v. *State,* 95 *Ga.* 463 (22 S. E. 289); *Jones* v. *Harrell,* 110 *Ga.* 373 (35 S. E. 690); *Ga. R. & Bkg. Co.* v. *Andrews,* 125 *Ga.* 85 (54 S. E. 76); *Perdue* v. *State,* 126 *Ga.* 112 (54 S. E. 820); *Stallings* v. *Southern Ry. Co.,* 140 *Ga.* 55 (78 S. E. 421).

The defendant in error contends that it made out a prima facie case by showing possession of the automobile in the hotel and damage and that the burden of showing ordinary care was on the hotel. This contention is fallacious for the reason that in this case the automobile was bailed to the hotel for the purpose of being in turn bailed by the hotel. In such case proof of possession in the hotel does not raise a presumption that damage to the automobile occurred while it was in the hotel's possession. A presumption of *negligence* arises, if alleged, where possession is shown in the bailee at the time of damage to the property. *Millender* v. *Looper,* 86 *Ga. App.* 430 (71 S. E. 2d 724). The rationale of putting the burden of showing diligence on the bailee after loss or damage is shown while the property is in the possession of the bailee is that the bailee alone is in position to know the facts and circumstances surrounding the loss or damage and that most often it would be impossible for an owner or legal possessor of property to prove negligence on the part of a bailee. The defendant in error argues that the exclusive possession required to be shown in the bailee does not mean actual possession and argues that possession by a thief or unauthorized person would be exclusive possession by a bailee. That is true. The possession which must be shown by a bailor on the part of the bailee is not necessarily actual possession but the possession and control which in law place upon the bailee the duty to care for the property, among other things, as against theft and unauthorized possession. The possession by a thief or other unauthorized person, obtained from the bailee, would be prima

facie the possession of the bailee. There is no such evidence here. In this case two bailees were in contemplation of the contracting parties and before the plaintiff could recover it was necessary for it to prove which one had possession at the time of the damage as there was no presumption that the hotel did not deliver possession of the automobile to the Atlanta Parking Service, Inc. The rule that there is a presumption of the continuance of a proved state of facts, if such could ever apply₁ to such a temporary existence, could not apply in this case when the contract contemplated bringing the temporary possession of the hotel to an almost sudden end.

The evidence failed to show that the automobile was damaged while it was in the possession of the hotel either actually or under such circumstances as the law would treat as possession, such as the delivery of the automobile to a person not an employee of the hotel and one not authorized by Atlanta Parking Service, Inc., to receive it; consequently, since there was no presumption that the hotel was negligent in damaging the automobile and since there was no evidence to the effect that an agent or employee of the hotel negligently damaged it while in the hotel's possession, the court erred in denying the hotel's motion for a judgment notwithstanding the verdict and direction is given that judgment be entered in accordance with such motion.

*Judgment reversed with direction. Felton, C. J., and Nichols, J., concur.*