Argued January 6, affirmed February 10, petition for rehearing denied March 9, 1965

# STATE OF OREGON *v.* PONTON

399 P. 2d 30

*Howard R. Lonergan,* Portland, argued the cause and filed briefs for appellant.

*John D. Burns,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Lou L. Williams, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

GOODWIN, J.

The defendant was convicted of violating ORS 164.320 (larceny in a building) and appeals.

The principal assignments of error challenge the propriety of indicting the defendant under ORS 164.320 when, if the facts alleged in the indictment are true, he was equally guilty of shoplifting, a crime denounced by ORS 164.390.

The state argues that whenever the building in which larceny is committed happens to be a mercantile store the two statutes are interchangeable. The defendant contends that the statutes are not interchangeable, and that if the building in which the larceny was committed was a store, then if the state wants to treat the crime as a felony it must proceed under the shoplifting statute.

■ The defendant's contention is incorrect. The state has a choice. The conduct described in the indictment violated both statutes.

■ Although there is a reasonable basis for making a distinction between theft committed in a mercantile

establishment and theft committed elsewhere, *Black v. Gladden,* 237 Or 631, 393 P2d 190 (1964), in the instant case there is no reason to say that the state should not be allowed to prosecute the defendant under either ORS 164.320 or 164.390 if the grand jury sees fit to charge the defendant under 164.320. The limits of punishment in either case are the same. The two statutes are not inconsistent. There is no way in which a defendant can be prejudiced by the state's election to prosecute under ORS 164.320 rather than 164.390. No error is revealed by the challenges to the state's election to proceed under ORS 164.320.

■ The defendant next contends that the court should have instructed the jury that because the value of the goods stolen was less than $75 the jury could find him guilty only of petit larceny. This assignment is frivolous. A charge of violating ORS 164.320 does not require proof that the goods stolen were of any particular value.

■■ Another assignment of error concerns an attempt by the prosecutor to impeach the defendant as a witness by proof of conviction of a former crime. In certain circumstances, such an impeachment is permitted by ORS 45.600. See, for a discussion of the limits upon the state, *State v. Rollo,* 221 Or 428, 437, 351 P2d 422 (1960). In the case at bar the defendant had been convicted of a felony in Nevada. During the trial the state was not in a position to prove that fact. Although it had a fragmentary record of the defendant's plea of guilty, the state had neglected to obtain an exemplified copy of the Nevada judgment in time for the trial. (The record shows that when the time came for sentencing, the proof of the Nevada conviction was in proper form.) In cross-examining the de-

fendant, the deputy trying the case asked the defendant whether he had not been convicted of a felony, in addition to a petit larceny conviction which he had brought up in his direct examination. The defendant denied the felony conviction and his denial was challenged. The defendant's counsel immediately moved for a mistrial. The trial court properly instructed the jury that there was no proof of the former conviction, and told them to disregard the mention of it.

The state cannot be charged with intentional misconduct in asking about the Nevada conviction. The district attorney's office had no reason to believe that the defendant would lie under oath and deny that he had been convicted of a felony in Nevada. When the defendant elected to deny the matter, the deputy district attorney was entitled to ask him if he was sure, and whether he was expressing himself accurately.

We fail to see how the defendant can assert that he was prejudiced, or that the trial court abused its discretion in refusing to grant a mistrial. Under the circumstances, it would have been an abuse of discretion to have granted a mistrial.

The defendant argues that when he said he had never been convicted of a felony in Nevada he was telling the truth because a Nevada statute "[NRS 176.340]" provides that upon the successful conclusion of a period of probation the convicted person is deemed pardoned. We need not decide what effect should be given the Nevada rehabilitation statute. It is irrelevant as far as impeachment is concerned. The question was not whether, in the eyes of the law of Nevada, the defendant was a reformed person, but whether he had been convicted of a crime. The state was not allowed to put its evidence of the former conviction be-

fore the jury, and thus the impeachment was not accomplished, but there was no bad faith in counsel's inquiry about the former conviction.

■ Another assignment of error seeks a reversal upon the ground that the trial court denied defense counsel, who came into the case shortly before trial, adequate time to prepare the defense. The record fails to show how the trial court abused its discretion in this respect. Counsel's affidavits and representations asking a continuance reveal that counsel may have been inconvenienced in having to reshuffle his own schedule, but they reveal no lack of preparation, or evidence of any prejudice to the defendant. We do not reverse a conviction where there has been a fair trial, merely because counsel was put to some inconvenience.

The remaining assignments of error do not require discussion. The defendant was caught in the act of shoplifting. His only defense was that he "thought" one of his confederates had paid for the merchandise. Since he had secreted the merchandise within his clothing, the jury found his story to be of dubious credibility.

Affirmed.