Argued June 6, affirmed October 4, 1967

STATE OF OREGON, *Respondent, v.* RICHARD
ALLEN GUSTAFSON, *Appellant.*

432 P. 2d 323

[ 1 ]

*Hayes Patrick Lavis,* Astoria, argued the cause for appellant. On the brief were Anderson, Fulton & Lavis, Astoria.

*Frank J. Coumont,* District Attorney, Astoria, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, GOODWIN, DENECKE, HOLMAN, LUSK and FORT,* Justices.

McALLISTER, J.

The defendant, Richard Gustafson, was indicted for the crime of rape, was convicted of assault with intent to commit rape, and appeals. He assigns as error the denial of his motion for a judgment of acquittal, the

---

* Fort, J., did not participate in the decision of this case.

denial of his motion for a mistrial on account of alleged misconduct of the district attorney, and the action of the trial court in submitting to the jury the lesser offenses included within the crime of rape.

■ It is unnecessary to set out the evidence in detail. The defendant, who was 24 years of age and married, admitted that he had intercourse with a 16-year-old girl, who was a houseguest in the home of defendant's wife's parents. The defendant testified that the prosecutrix not only consented to but cooperated in the sexual relationship. The prosecutrix, on the other hand, testified that she was ravished by force and without her consent. Although the testimony was in sharp conflict, there was substantial evidence to support the finding of the jury and we are bound by that finding. The trial court did not err in denying defendant's motion for a judgment of acquittal.

Defendant called as a witness one Goozee, in whose apartment the alleged rape occurred, and who in some measure corroborated defendant's testimony. During the cross-examination of this witness the following occurred:

"BY MR. EDISON [the district attorney]:

"Q. Mr. Goozee, You ever been convicted of a crime?
"A. Yes.

"Q. It is your privilege at this time, Mr. Goozee, you can state the circumstances if you wish.
"A. Well, couple of juvenile things and once for drunk and that is it.

"MR. LAVIS [counsel for defendant]: Was this drunk in the City of Seaside?
"A. Right."

The defendant's counsel, out of the presence of the jury, then moved for a mistrial on the ground that the district attorney had acted in bad faith in asking the witness whether he had been convicted of a crime when he was not prepared to prove a prior conviction if the question was answered in the negative. Defendant's counsel contended that convictions in juvenile court and the violation of municipal ordinances are not convictions of crime within the meaning of ORS 45.600. He further pointed out that the state had earlier called Goozee as its own witness and could easily have determined whether the witness's record included a criminal conviction admissible to impeach his credibility.

After some colloquy between the court and counsel, the following occurred:

"THE COURT: Well, let me ask you this, Mr. Edison, Do you have any reason to doubt the truthfulness of the witness' statement?

"MR. EDISON: Yes, Your Honor. I think there is some sort of vagrancy or disorderly conduct charge which I will be happy to look for in the record and find. But maybe he is, if he is stating the truth now, well, obviously that stuff cannot come in. I will agree with counsel to that statement."

After further colloquy the court instructed the jury as follows:

"* * * Ladies and gentlemen of the jury, just before you were excused the District Attorney put a question to this witness to the effect of asking him whether or not he had ever been convicted of a crime, and the witness answered 'Yes.' That he had a juvenile conviction and that he had also been convicted in the City of Seaside as I recall. Now I instruct you that juvenile convictions do not constitute convictions of crime and convictions of city ordinances do not constitute convictions of

crimes. Therefore, I now instruct you to disregard the question of the District Attorney put to this witness in asking him if he had been convicted of a crime and all that part of the witnesses [sic] answer wherein he related the juvenile conviction or to the conviction of a municipal ordinance in the City of Seaside. That is stricken from the record and the jury is instructed to disregard it. You may proceed."

The state made no further attempt to prove that the witness had been convicted of a crime, and the incident was closed with the above instruction to the jury by the court.

It is proper to impeach a witness by showing "by his examination or by the record of the judgment, that he has been convicted of a crime." ORS 45.600. *State v. Gilbert,* 138 Or 291, 4 P2d 923 (1932). This method of impeaching a witness must be used in good faith. The right to impeach a witness by proving prior convictions may not be used as a subterfuge to blacken the character of the witness by insinuating criminal convictions that cannot be proved. *State v. Rollo,* 221 Or 428, 434, 351 P2d 422 (1960). Other courts have also condemned cross-examination about prior convictions unless the prosecution is prepared to prove the convictions if they are denied. *State v. Stago,* 82 Ariz 285, 312 P2d 160 (1957); *People v. Perez,* 58 Cal2d 229, 23 Cal Rptr 569, 373 P2d 617, 3 ALR3d 946 (1962); *People v. Wallenberg,* 24 Ill2d 350, 181 NE2d 143 (1962); *State v. Glenn* (Mo 1924), 262 SW 1030, 1033; *State v. Herrera,* 8 Utah2d 188, 330 P2d 1086 (1958); Anno. 3 ALR3d 963.

In the case at bar there was no showing of bad faith, and, on the contrary, the record indicates that there was some justification for the district attor-

ney's belief that Goozee had been convicted of a crime. The inquiry was not pursued when it appeared that the crimes admitted were not within the purview of the statute, and the court emphatically instructed the jury to disregard the testimony. The trial court did not abuse its discretion in denying the motion for a mistrial. *State v. Ponton,* 240 Or 30, 32, 399 P2d 30 (1965), cert. den. 382 US 1014, 86 S Ct 626, 15 LEd2d 529 (1966); *State v. Gardner,* 231 Or 193, 196, 372 P2d 783 (1962).

■ The defendant also contends that the court erred in instructing the jury that it could find the defendant guilty of the included offenses of assault with intent to commit rape or of assault. Since the jury found the defendant guilty of assault with intent to commit rape, we are not concerned with the instructions concerning simple assault. Assault with intent to commit rape is an included offense in the charge of rape. *State v. Cook,* 242 Or 509, 518, 411 P2d 78 (1966); *Cannon v. Gladden,* 203 Or 629, 631, 281 P2d 233 (1955). ORS 136.660 provides that "the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment." Since there was evidence tending to prove an assault with intent to commit rape, the court did not err in instructing the jury that it could find the defendant guilty of that included offense. *State v. McLain,* 74 Ariz 132, 245 P2d 278 (1952); *Harrison v. State,* 222 Ark 773, 262 SW2d 907, 909 (1954); *State v. Swolley,* 215 Iowa 623, 244 NW 844 (1933); *State v. Green,* 246 NC 717, 100 SE2d 52 (1957); *Daniel v. Maxwell,* 176 Ohio St 207, 198 NE2d 657 (1964); *Johnson v. United States,* 350 F2d 784 (DC Cir 1965).

The judgment is affirmed.