STATE OF WEST VIRGINIA

*v.*

TOM PETERMAN, JR.

(No. 14429)

Decided December 11, 1979.

*Green, Ketchum & Mills, Larry A. Bailey* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *David P. Cleek,* Assistant Attorney General, for defendent in error.

PER CURIAM:

This appeal was docketed on February 8, 1979 and matured for decision on October 30, 1979. It is an appeal from a final order of the Circuit Court of Wayne County.

After an adjudicatory hearing, the circuit court found the appellant was a delinquent child and sentenced him to the State Forestry Camp at Leckie. In this appeal, it is contended the evidence presented at the hearing failed to prove guilt beyond a reasonable doubt. It is also contended the charges made, even if proved, would not constitute a delinquent act as defined by *W.Va. Code,* 49-1-4. We conclude the State failed to meet its burden of proof and, accordingly, we find it unnecessary to reach the second point raised.

On March 1, 1978, a petition was filed alleging that on the 25th and 27th of February, 1978, Tom Peterman, Jr., a juvenile, "did attempt to enter the home of Mrs. Sybil Carder. . . ." The State's only witness at the adjudicatory hearing was Sybil Carder. She testified that on the night of February 25, her nine-year-old daughter Rachel, ran from her bedroom and exclaimed, "Tom is coming in the window." "Tom Peterman is trying to get in the window." Mrs. Carder testified she ran to the bedroom and "seen an object leaving the window like Tom Peterman." She said she knew it was him because of his image.

On the night of the 27th, the occupant of another bedroom in Mrs. Carder's house exclaimed, "There's Tom again." Mrs. Carder ran to the room but observed no one.

On cross-examination, Mrs. Carder related that on the night of the first incident, she had been approximately

four feet from the window, it was dark in the room and outside and she didn't see the person's face.

At the adjudicatory stage of a juvenile proceeding the State has a constitutionally imposed burden to prove the juvenile's guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

It is not clear from the record what standard of proof the court below applied, but a review of the foregoing evidence, which was all of the evidence presented, clearly indicates the State failed to meet the burden of proving petitioner's guilt beyond a reasonable doubt. Accordingly, we reverse the judgment of the trial court, and remand the case with directions to the trial court to enter a judgment of acquittal. *Burks v. United States*, 437 U.S. 1, 57 L.Ed.2d 1, 98 S.Ct. 2141 (1978); *State v. Milam*, ___ W.Va. ___, ___ S.E.2d ___ (1979) (No. 14060 November 20, 1979).

*Reversed and remanded with directions.*