338 S.E.2d 215

**STATE of West Virginia**

v.

**WILLIAM T.**

**No. 16146.**

Supreme Court of Appeals of West Virginia.

Dec. 12, 1985.

Thomas R. Zimmerman, Parkersburg, for appellant.

Harry G. Deitzler, Pros. Atty., Parkersburg, Elizabeth A. Pyles Asst. Pros. Atty., for appellee.

PER CURIAM.

William T.,[1] a juvenile, appeals from an order of the Juvenile Court of Wood County, adjudicating him a delinquent, *Code,* 49–5–1, for committing petit larceny, which would be a crime if committed by an adult.

The appellant was charged by a juvenile petition that stated in part:

The above-named child, WILLIAM [T.], on or about the 28th day of May 1983, in Wood County, West Virginia, one (1) Rapalo Fillet knife, of the value of $6.89, of the goods, chattels, effects and property of Hart's Department Store, then and there being found, then and there unlawfully did steal, take and carry away, against the peace and dignity of the State, which said act if committed by an adult would be a crime under State Law punishable by confinement in the County Jail.

The adjudicatory hearing was held, without a jury,[2] on August 11, 1983. Following the testimony of Gary Twyman, an employee of Hart's Department Store, the appellant's counsel moved for a judgment of acquittal. The court denied the motion and found that the appellant was a delinquent child.

The appellant was committed for 30 days to the Diagnostic Center of the Industrial Home for Youth at Salem for the purpose of evaluation. The court, upon consideration of the diagnostic report, committed the appellant to Salem for a period not to exceed one year.[3]

The appellant's principal contention is that the State's evidence was insufficient to sustain an adjudication of delinquency for the offense of larceny.[4] He argues that the State's evidence established only the statutory offense of shoplifting, *Code,* 61–3A–1 [1981],[5] and rather than asking

1. To protect the confidentiality of juveniles, our practice is to use the first name together with initials. *State v. Ellsworth J.R.,* 175 W.Va. 64, 331 S.E.2d 503, 505, n. 1 (1985); *see T.N.G. v. Superior Court,* 4 Cal.3d 767, 94 Cal.Rptr. 813, 484 P.2d 981, n. 1 (1971).

2. *Code,* 49–5–6 [1975] provides: "In a proceeding under this article, an interested person may demand, or the judge of his own motion, may order a jury of twelve persons to try any question of fact." The right of a juvenile to demand a jury trial is limited to the adjudicatory hearing. *In re E.H.,* 166 W.Va. 615, 276 S.E.2d 557 (1981).

3. The disposition is not challenged in this appeal.

4. The elements of common law larceny are found in syllabus point 3 of *State v. Louk,* 169 W.Va. 24, 285 S.E.2d 432 (1981): "To support a

conviction for larceny at common law, it must be shown that the defendant took and carried away the personal property of another against his will and with the intent to permanently deprive him of the ownership thereof."

5. *Code,* 61–3A–1 [1981] provides:
   (a) A person commits the offense of shoplifting if, with intent to appropriate merchandise without paying the merchant's stated price for the merchandise, such person, alone or in concert with another person, knowingly:
   (1) Conceals the merchandise upon his or her person or in another manner; or
   (2) Removes or causes the removal of merchandise from the mercantile establishment or beyond the last station for payment; or
   (3) Alters, transfer or removes any price marking affixed to the merchandise; or
   (4) Transfers the merchandise from one container to another; or

this Court to erase the judgment completely, the appellant prays for a remand to the juvenile court for entry of a judgment adjudicating him delinquent for the offense of shoplifting.[6]

The only witness at the adjudicatory hearing was Gary L. Twyman, who identified himself as a "security apprehender" employed by Hart's Department Store. Twyman testified that he was working on May 28, 1983, when he was alerted by another employee that the appellant had removed a knife from a shelf in the sporting goods department. Twyman observed the appellant remove the knife from its package and place it in his jacket pocket. He saw the appellant walk past the checkout lines and enter the lobby where Twyman "stopped" him to ask "if he was leaving the store without paying for something." When the appellant replied, "no," Twyman asked him about the knife, which the appellant then produced from his pocket. Twyman also testified that the knife in question had a value of $6.89.

The appellant, who denied the charge at the outset of the hearing, presented no evidence. His counsel moved for a judgment of acquittal on the ground that the evidence was insufficient to prove a larceny although it might establish the offense of shoplifting. The motion was denied. The court proceeded to find that the State had carried its burden of proving beyond a reasonable doubt that the appellant was a delinquent child.

The burden of the State to prove delinquency beyond a reasonable doubt is guaranteed by the due process clause of the United States Constitution. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

■ "At the adjudicatory stage of a juvenile proceeding the State has a constitutionally imposed burden to prove the juvenile's guilt beyond a reasonable doubt." Syl., *State v. Peterman*, 164 W.Va. 75, 260 S.E.2d 729 (1979).

*Code*, 49–5–11 [1978], also sets forth the standard of proof in a juvenile adjudicatory proceeding: "(c) If the allegations in the petition are admitted or are sustained by proof beyond a reasonable doubt, the court shall schedule the matter for disposition; otherwise the petition shall be dismissed and the child discharged from custody...."

■ Rules of evidence and procedural rights applicable in adult criminal proceedings are applicable with equal force in juvenile adjudicatory proceedings. *Code*, 49–5–1(d) [1982]. We have thus recognized the similarity between the adjudicatory stage of a juvenile case and the trial in an adult criminal case. *In re E.H.*, 166 W.Va. 615, 276 S.E.2d 557, 565 (1981). Therefore, an adjudication of delinquency is subject to the same standards of review on appeal as is a criminal conviction. *See State ex rel. D.D.H. v. Dostert*, 165 W.Va. 448, 269 S.E.2d 401 (1980).

■ Our standard of review, where insufficiency of the evidence is assigned as error, is set forth in syllabus point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

In a criminal case, a verdict of guilt will not be set aside on the ground that it

---

(5) Causes the cash register or other sales recording device to reflect less than the merchant's stated price for the merchandise; or

(6) Removes a *shopping cart from the* premises of the mercantile establishment.

(b) A person also commits the offense of shoplifting if such person, alone or in concert *with another person*, knowingly and with intent obtains an exchange or refund or attempts to obtain an exchange or refund for merchandise which has not been purchased from the *mercantile establishment*.

6. If the appellant had been adjudicated delinquent for a first offense of shoplifting of merchandise worth less than or equal to $100, he would not be subject to imprisonment. *Code*, 61–3A–3(a)(1) [1981], provides for a fine only, and *Code*, 49–5–13(b)(5) [1982] provides, in pertinent part: "Commitments shall not exceed the maximum term for which an adult could have been sentenced for the same offense, ..." However, there is no merit in the appellant's contention that under the evidence he could only be adjudicated delinquent for shoplifting, not larceny. *See State v. Crowe*, 196 Kan. 622, 414 P.2d 50 (1966); *State v. Ponton*, 240 Or. 30, 399 P.2d 30 (1965), *cert. denied* 382 U.S. 1014, 86 S.Ct. 626, 15 L.Ed.2d 529 (1966); *Saunders v. State*, 8 Md.App. 143, 258 A.2d 776 (1969).

is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done.

The appellant argues that the State failed to prove two essential elements of larceny: (1) trespass against the owner's possession (a taking against the will or without the consent of the owner), *State v. Edwards*, 51 W.Va. 220, 41 S.E. 429 (1902); Perkins, Criminal Law 246 (2d ed.1969); Lafave and Scott, Criminal Law § 85 (1972) and (2) asportation (carrying away), *State v. Chambers*, 22 W.Va. 779, 46 Am.Rep. 550 (1883); *State v. Nelson*, 121 W.Va. 310, 3 S.E.2d 530 (1939). We disagree.

■ While it may be generally accepted that customers in retail stores have the permission of the owner to remove merchandise from the shelf, the evidence adduced by the State at the adjudicatory hearing showed that the appellant took the knife against the will of the owner of Hart's Department Store, when he concealed the knife in his pocket and walked past the checkout stations into the store lobby. The Supreme Court of Tennessee has stated: "The implied consent of the storekeeper extends only to inspection of merchandise and selection for purchase." *Wright v. State*, 549 S.W.2d 682, 684–5 (Tenn.1977).

Asportation was also proved. The evidence showed that the appellant carried the knife away, although he did not remove it completely from the store premises. "The removal of property from the place it occupies by one intending theft, though 'but a hair's breadth,' is sufficient asportation to constitute the simple offense of larceny. *State v. Chambers*, 22 W.Va. 779, 46 Am. Rep. 550 (1883)." Syl. pt. 1, *State v. Nelson, supra*.

Thus, under the standard of *State v. Starkey, supra,* the evidence was sufficient, and the adjudication will not be reversed on this ground.

The appellant also assigns as error certain defects in the charging portion of the juvenile petition, quoted above. We disagree.

*Code*, 49–5–7 [1982], sets forth the requirements of a juvenile petition. It provides, in pertinent part:

(a) A petition alleging that a child is a delinquent child may be filed by a person who has knowledge of or information concerning the facts alleged. The petition shall be verified by the petitioner, shall set forth the name and address of the child's parents, guardians or custodians known to the petitioner unless the petitioner is the natural parent, guardian, or custodian and shall be filed in the circuit court in the county where the alleged act of delinquency occurred ...

The petition shall contain specific allegations of the conduct and facts upon which the petition is based, including the approximate time and place of the alleged conduct....

In *Harris v. Calendine*, 160 W.Va. 172, 176, 233 S.E.2d 318, 322 (1977), this Court said:

[A]ny delinquency petition must allege sufficiently specific underlying facts to give the defendant and his parents, guardians or other custodians fair notice of the charges against the defendant. *State ex rel. Wilson v. Bambrick* [156] W.Va. [703], 195 S.E.2d 721 (1973); *Crow v. Coiner*, 323 F.Supp. 555 (N.D.W.Va. 1971); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

*See also Arbogast v. R.B.C.,* 171 W.Va. 737, 301 S.E.2d 827, 831–2 (1983), *overruled on other grounds, State ex rel. M.C.H. v. Kinder*, 173 W.Va. 387, 317 S.E.2d 150 (1984).

■ The charging portion of the petition, employing the common law definition of larceny, syl. pt. 3, *State v. Louk*, 169 W.Va. 24, 285 S.E.2d 432 (1981); *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982); *State v. Houdyshell*, 174 W.Va. 688, 329

S.E.2d 53 (1985), was sufficient to allege the elements of the offense and to adequately inform the accused of the nature of the charge, *Harris v. Calendine, supra. See also State v. Hall,* 172 W.Va. 138, 304 S.E.2d 43, 48 (1983); and further, was sufficient to inform the accused that he was charged with an act of delinquency which, if committed by an adult, would be a crime under state law, punishable by confinement in a jail or imprisonment. *Code,* 49–1–4(1) [1978].

Therefore, when the petition in this case is weighed against the requirements of *Code,* 49–5–7 and the due process standards of *Harris v. Calendine,* we find no insufficiency or other defect.

Accordingly, the adjudication is affirmed.

Affirmed.