419 S.E.2d 297

Russell D. ISENHART, Appellant Below, Appellee,

v.

G.M. VASILIOU, Director, Safety and Enforcement Division, Department of Motor Vehicles, Appellee Below, Appellant.

No. 20900.

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1992.

Filed June 25, 1992.

George R. Triplett, Elkins, for appellee.

Mario J. Palumbo, Atty. Gen., Andrew F. Tarr, and Teresa A. Tarr, Asst. Attys. Gen., Assisted on Brief, Charleston, for appellant.

PER CURIAM:

The West Virginia Department of Motor Vehicles appeals the order of the Circuit Court of the Randolph County requiring the Department to grant Russell D. Isenhart an administrative hearing concerning a 1982 license revocation. Mr. Isenhart contends that in the 1982 incident he was not driving the truck and because of a misunderstanding of the hearing procedures he was not granted a hearing. Because Mr. Isenhart failed to request an administrative hearing within 10 days after the Department's revocation order, we find that the Department should not be required to grant Mr. Isenhart an administrative hearing and, therefore, we reverse the circuit court.

Mr. Isenhart was arrested in Randolph County on September 18, 1982 for driving under the influence of alcohol in violation of *W.Va.Code*, 17C-5-2(d).[1] After the Department received the Statement of the Ar-

---

[1] Mr. Isenhart was also charged with obstructing a police officer after he physically resisted arrest. Eventually Mr. Isenhart entered a plea

agreement in which the State dismissed the DUI charge and Mr. Isenhart plead *nolo contendere*

resting Officer, the Department on October 1, 1982, suspended Mr. Isenhart's license for six (6) months. The order included notice of a right to request an administrative hearing in which to challenge the Department's action within 10 days after receipt of the notice.[2] The Department sent, by certified mail, the order to Mr. Isenhart, General Delivery, Beverly, West Virginia, 26253, the address listed for Mr. Isenhart in the Department's files.[3] The U.S. Postal Service stamped the envelop "RETURN TO SENDER, UNCLAIMED" and returned the order to the Department. The record also indicates that in January 1983, a State Trooper was unable to locate Mr. Isenhart in order to serve the suspension order.

In August 1985, the Department again notified Mr. Isenhart that his license had been suspended by the October 1, 1982 order.[4] The Department's letter said that before Mr. Isenhart's driving privileges could be restored he had to (1) surrender his license for the revocation period, (2) complete successfully a Safety and Treatment Program, and (3) pay a reinstatement fee ($15) and a penalty fee ($15).

Mr. Isenhart and the Department corresponded several times in 1985–86; however, during the correspondence Mr. Isenhart never requested an administrative hearing and, finally he said that he would follow the reinstatement procedure.[5]

On October 8, 1990, Mr. Isenhart again was arrested for DUI. After the Department received the Statement of the Arresting Office, the Department issued an order revoking Mr. Isenhart's license for ten years, with eligibility for reinstatement in five years. The ten year revocation was based on both the 1990 and the 1982 DUI violations. Thereafter, Mr. Isenhart orally sought an administrative hearing on the 1982 violation, that was orally denied by the Department.

After the Department's denial of a hearing, Mr. Isenhart petitioned the Circuit Court of Randolph County to grant him a writ of mandamus and a writ coram nobis to require the Department to hold an administrative hearing on the 1982 violation. The circuit court, noting newly discovered evidence that Mr. Isenhart was a passenger rather than the driver in the 1982 incident, ordered the Department to hold an administrative hearing on the 1982 suspension.

I

*W.Va.Code*, 17A–2–19 [1951] requires that the Department give notice of an ad-

---

to the charge of interfering with a police officer and paid a $100 fine plus court costs.

2. The notice provided, in pertinent part:
   UPON your written request, the Commissioner of Motor Vehicles will allow you an opportunity to an administrative hearing. Such written request must be filed with the Commissioner in person or by REGISTERED or CERTIFIED MAIL, return receipt requested, within ten (10) days after receipt of this NOTICE.
   * * * * * *
   IF YOU DO NOT REQUEST A HEARING within ten (10) days after receipt of this NOTICE, any West Virginia license issued to you must be returned to this office within the ten (10) day period.

3. The report of the arresting officer listed the same address for Mr. Isenhart.

4. In July 1985, Mr. Isenhart, whose license had expired, reapplied for a driver's license and listed his address in Belington, West Virginia.

5. The following is a description of the correspondence. On August 13, 1985, Mr. Isenhart wrote the Department that the criminal charges against him for DUI had been dropped and that he was not driving during the 1982 incident. On August 14, 1985, the Department wrote Mr. Isenhart that the dismissal of the DUI criminal charges had no bearing because his suspension was an administrative action and that his license was suspended for a minimum of 30 days as of August 1, 1985. On August 16, 1985, Mr. Isenhart's lawyer wrote to the Department that Mr. Isenhart had decided to complete the Safety and Treatment program and pay the $30. The August 16, 1985 letter did not request a hearing but expressed a lack of understanding of how a license could be suspended without affording an administrative hearing. On August 20, 1985, the Department responded by saying that based on a review of the record, the Department's action was proper. On September 11, 1985, the Department again wrote Mr. Isenhart indicating that because Mr. Isenhart had not requested a hearing, the suspension of his license was mandatory. After Mr. Isenhart completed the Safety and Treatment program, on January 24, 1986, the Department notified him of the fee requirement. On February 3, 1986, Mr. Isenhart's driving privileges were reinstated.

ministrative hearing by mailing the notice "to such person at his address as shown by the records of the Department." This Code section also provides that the "giving of notice by mail is complete upon the expiration of four days after such deposit of said notice."[6] In Syllabus, *Carney v. Sidiropolis*, 183 W.Va. 194, 394 S.E.2d 889 (1990), we said:

> "When a statute is clear and unambiguous and the legislative intent is plain, it is the duty of the courts to apply the statute in accordance with the legislative intent therein clearly expressed." Syllabus point 7, *State v. Bragg*, 152 W.Va. 372, 163 S.E.2d 685 (1968).

In *Shell v. Bechtold*, 175 W.Va. 792, 338 S.E.2d 393 (1985), this Court found that the purpose of the license revocation laws in West Virginia is to protect the innocent public from irresponsible drunkards.

In 1982, the Department fulfilled its obligation by mailing the notice of a hearing. Mr. Isenhart's failure to claim the order from the post office does not impose any additional obligation on the Department. *See State ex rel. Dept. of Motor Vehicles v. Sanders*, 184 W.Va. 55, 59, 399 S.E.2d 455, 459 (1990) ("the burden is on the licensee to notify the Department of Motor Vehicles of a change of address"); *State ex rel. Mason v. Roberts*, 173 W.Va. 506, 509, 318 S.E.2d 450, 453 (1984) ("the DMV has no obligation to track him down").

When the Department receives a statement from the arresting officer showing a person drove a motor vehicle while under the influence of alcohol, the Department is required to enter an order revoking his driver's license. The Department must send a copy of the order to that person by mail "addressed to such person at his address as shown by the records of the department." *W.Va.Code*, 17A-2-19 [1951]. In the present case, the Department followed these procedures. If the person whose license has been revoked files a written request within ten days after receiving the revocation order, then he has a right to a hearing. If the Department confirms the revocation after the hearing, the person is entitled to judicial review of that decision. *W.Va.Code*, 17C-5A-2(m) [1986]. These administrative procedures comport with constitutional due process standards. *See*, Syllabus Point 3, *Jordan v. Roberts*, 161 W.Va. 750, 246 S.E.2d 259 (1978).

In the present case, Mr. Isenhart urges us to examine the 1982 DUI based on "newly discovered evidence," consisting of affidavits given in 1991 by the other persons involved in the incident. These affidavits state that Mr. Isenhart was a passenger in and not the driver of the vehicle. However, the arresting officer's report dated September 29, 1982 said, "[t]he accused Isenhart got out of the vehicle first on the driver's side...." Although an administrative hearing would have been the proper forum to resolve this factual dispute, Mr. Isenhart waived his right to the hearing in 1982 (order and notice unclaimed) and in 1985 (agreed to reinstatement procedures). Only after Mr. Isenhart was again arrested for DUI and had a ten year license revocation, did he request a hearing on the 1982 incident.[7]

In Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969), we said:

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief

---

6. *W.Va.Code*, 17A-2-19 [1951] provides:

   Whenever the department is authorized or required to give any notice under this chapter or other law regulating the operation of vehicles, unless a different method of giving such notice is otherwise expressly prescribed, such notice shall be given either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at his address as shown by the records of the department. The giving of notice by mail is complete upon the expiration of four days after such deposit of said notice. Proof of the giving of notice in either such manner may be made by the certificate of any officer or employee of the department or affidavit of any person over eighteen years of age, naming the person to whom such notice was given and specifying the time, place, and manner of the giving thereof.

7. *W.Va.Code*, 17C-5A-2(i) [1986] specifically provides that a driver's license shall be revoked for ten years "if the commissioner has previously suspended or revoked the person's license...."

sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

*In accord* Syllabus, *Mason supra.*

None of the elements exists in the present case for a writ of mandamus.[8] In 1991, Mr. Isenhart had no clear legal right to an administrative hearing on the 1982 incident. The Department had no legal duty to grant a hearing nine years after the incident and, in 1982, Mr. Isenhart had another adequate remedy in the form of an administrative hearing. Therefore, we hold that the circuit court erred in requiring the Department to hold an administrative hearing on the 1982 incident.

For the above stated reasons, the decision of the Circuit Court of Randolph County is reversed.

Reversed.

---

**8.** Mr. Isenhart also petitioned the circuit court for a writ *coram nobis.* However, Rule 60(b) of the *West Virginia Rules of Civil Procedure* states the "[w]rits of coram nobis ... are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." Be-

cause license revocation procedures are civil in nature (*Shumate v. Dept. of Motor Vehicles,* 182 W.Va. 810, 813, 392 S.E.2d 701, 705 (1990); *Shingleton v. City of Romney,* 181 W.Va. 227, 382 S.E.2d 64 (1989)), a writ *coram nobis* cannot be used to attack any civil proceeding.