671 S.E.2d 734

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**MEGAN S., Defendant Below, Appellant.**

No. 33831.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 2008.

Decided Nov. 7, 2008.

Heather L. Starcher, Esq., Starcher & Frum, PLLC, Parkersburg, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, R. Christopher Smith, Esq., Assistant Attorney General, Charleston, for Appellee.

PER CURIAM.[1]

This juvenile delinquency case is before this Court upon appeal of a final order of the Circuit Court of Wood County entered on January 24, 2007. The appellant, Megan S.[2], was adjudicated a juvenile delinquent for committing the offense of battery. In the final order, Megan S. was placed on probation until she reaches the age of twenty-one.[3]

In this appeal, Megan S. contends that there was insufficient evidence to prove that she committed the offense of battery. Megan S. also argues that she was denied effective assistance of counsel. This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order is affirmed.

## I.

## FACTS

This case arises from an altercation that occurred between two juveniles, the appellant, Megan S., and the alleged victim, Brittany B., on May 31, 2006. On August 16, 2006, the State of West Virginia filed a petition against Megan S. for allegedly committing the offense of battery against Brittany B. in violation of W.Va.Code § 61-2-9 (2004).[4] An adjudicatory hearing was held on October 12, 2006.

At the adjudicatory hearing, Brittany B. testified that she was in Spencer Park, Vienna, West Virginia, on May 31, 2006, talking

1. Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

2. We follow our past practice and refer to the last names of the juveniles herein by initials only. *In the Matter of Jonathan P.*, 182 W.Va. 302, 303 n. 1, 387 S.E.2d 537, 538 n. 1 (1989).

3. Megan S. was born on November 21, 1989. She remains in the custody of her father.

4. W.Va.Code § 61-2-9(c) provides:

*Battery.*—If any person unlawfully and intentionally makes physical contact of an insulting or provoking nature with the person of another or unlawfully and intentionally causes physical harm to another person, he shall be guilty of a misdemeanor[.]

with another juvenile, Randy B., when she was approached by Megan S. According to Brittany B., Megan S. was angry and accused her of "running her mouth." Brittany B. said that she informed Megan S. that it was actually three other girls, namely Heidi B., Megan R., and Adrienne C., who had said things about her. Megan S. left to talk to the three other girls and then returned stating that they had said that Brittany B. was the one who had made comments about her. Brittany B. testified that Megan S. then hit her in the face and a fight ensued. Brittany B. denied hitting Megan S., stating that she only pushed her away. Brittany B. did acknowledge that she yelled an obscenity at Megan S. after Megan S. had hit her several times and started to walk away. Megan S. then returned and allegedly slapped Brittany B. in the face and continued to hit her until Brittany B. pushed Megan S. away and ran to the police station. According to Brittany B., she suffered a swollen, black eye and a bleeding lip. She received medical attention at the police station.

In contrast, Megan S. testified that she was at the gazebo in the park on May 31, 2006, when she heard someone call her an obscene name. She approached Brittany B. who said that the comment was made by some other girls. Megan S. testified that she then went to talk to the other girls. They denied making the comment and said that it was Brittany B. who was talking about her. Megan S. said that she then went back to confront Brittany B. According to Megan S., they began to "tussle" and fell to the ground, pulling each other's hair. She said that they then hit each other. Megan S. testified that when she started to leave, Brittany B. yelled another obscenity at her, and when she returned to tell Brittany B. not to talk about her, Brittany B. tried to hit her and they began fighting again. According to Megan S., during this second altercation, Randy B. held her while Brittany B. kicked her in the forehead.

When questioned about whether they had argued before, Megan S. said that a police officer had previously told her and Brittany B. to stay away from each other. Upon cross-examination, Brittany B. denied that she had ever been told by the police to stay away from Megan S.

Megan S. and Brittany B. were the only two witnesses who testified at the adjudicatory hearing. At the end of the hearing, the circuit court found beyond a reasonable doubt that Megan S. was guilty of battery and was therefore, a juvenile delinquent. By order entered on January 24, 2007, Megan S. was placed on probation until she reaches the age of 21. This appeal followed.

## II.

### STANDARD OF REVIEW

W.Va.Code § 49–1–4(8) (1998) [5] defines "juvenile delinquent" as "a juvenile who has been adjudicated as one who commits an act which would be a crime under state law or a municipal ordinance if committed by an adult[.]" This Court has stated that, " 'an adjudication of delinquency is subject to the same standards of review on appeal as is a criminal conviction.' " *State v. Eddie "Tosh" K.*, 194 W.Va. 354, 358, 460 S.E.2d 489, 493 (1995) *quoting State v. William T.*, 175 W.Va. 736, 738, 338 S.E.2d 215, 218 (1985). With that in mind, we will set forth the more specific applicable standards of review in our discussion of the assignments of error.

## III.

### DISCUSSION

As set forth above, the appellant asserts two assignments of error. We will discuss each alleged error in turn below.

#### A. Sufficiency of the Evidence

Megan. S. first contends the evidence was insufficient to prove beyond a reasonable doubt that she committed the offense of battery. Megan S. points out that this was a "she said-she said" case. The only two witnesses were Brittany B. and she. They gave similar testimony with only a few details in

---

**5.** This statute was amended in 2007. The definition of "juvenile delinquent" was not changed, but it is now found at W.Va.Code § 49–1–4(9).

dispute. Megan S. maintains that Brittany B.'s testimony was simply unbelievable and implausible. In that regard, she asserts that such an alteration could not have occurred without Brittany B. striking her, contrary to Brittany B.'s testimony.

Megan S. further notes that the circuit court judge seemed confused on some basic facts of the case. In particular, the judge was mistaken about the age of both witnesses. In addition, the judge seemed unsure about his ruling concerning which witness was more credible. He stated, "I do feel that Megan's—Brittany's testimony was more persuasive by an extensive amount and she was very distinct and clear in her testimony." Given the judge's confusion and Brittany B.'s implausible and unbelievable testimony, Megan S. reasons that the evidence was simply insufficient to prove that she committed the offense of battery.

■ With regard to the sufficiency of evidence in a criminal case, this Court has held that,

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syllabus Point 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). This Court has also explained that,

> A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have

drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled.

Syllabus Point 3, *Guthrie*.

■ Although there was conflicting evidence presented at the adjudicatory hearing concerning what happened during the altercation, upon review of the record, we find that when viewed in the light most favorable to the State, the evidence supports a finding of delinquency based upon the offense of battery. In that regard, Megan S. testified at the adjudicatory hearing that she hit Brittany B. after Brittany B. called her an obscene name. During her testimony, Megan S. acknowledged that she hit Brittany B. first. She also admitted that she could have walked away from Brittany B. but instead chose to confront her. In addition to this testimony, evidence was presented showing that Brittany B. sustained a black eye and a bloody lip and was provided medical treatment at the police station. As previously noted, a battery is committed when "any person unlawfully and intentionally makes physical contact of an insulting or provoking nature with the person of another or unlawfully and intentionally causes physical harm to another person." *See* note 4, *supra*. Based upon all the above, we find that the evidence was sufficient to convince a rational trier of fact that Megan S. was guilty of battery beyond a reasonable doubt.

### B. Ineffective Assistance of Counsel

■ Megan S. next contends that she was denied effective assistance of counsel.[6] She

6. We note that Megan S. is represented on appeal by different counsel than appeared on her behalf at the adjudicatory hearing.

notes that W.Va.Code § 49–5–2(h)(2001),[7] provides that, "A juvenile has the right to be effectively represented by counsel at all stages of proceedings under the provisions of this article." Megan S. asserts that her trial counsel was ineffective because she failed to subpoena any of five potential witnesses to appear at her hearing. She points out that the evidence indicated that Randy B., Heidi B., Megan R., and Adrienne C. were present when the altercation occurred. Yet, none of these potential witnesses were called to testify. In addition, she testified that Officer Pifer had spoken to her and Brittany B. and told them to stay away from each other. Brittany B. contradicted this testimony, claiming that no police officer ever told her to stay away from Megan S. Megan S. contends that her counsel should have called Officer Pifer to testify to show that Brittany B.'s testimony was not credible.

Megan S. also asserts that her counsel should have argued that she was acting in self-defense but failed to do so. Megan S. contends that had her counsel subpoenaed the witnesses to the altercation and Office Pifer to testify and/or argued that she acted in self-defense, the outcome of the adjudicatory hearing would have been different. Thus, she concludes that she was denied effective assistance of counsel.

■ In Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), this Court explained that,

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Upon review of the record, we find that the evidence is insufficient to make a determination concerning the appellant's claim of ineffective assistance of counsel. The decision to not call certain witnesses to testify at the adjudicatory hearing is the type of tactical decision that trial counsel should have the opportunity to explain. The same can be said for trial counsel's decision to not assert self-defense. Absent a fully developed record, we have no way to discern the motivations of trial counsel and determine whether there was ineffective representation. The evidence is simply insufficient for this Court to address this issue.[8]

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Wood County entered on January 24, 2007, is affirmed.

Affirmed.

Justice ALBRIGHT not participating.

Senior Status Justice McHUGH sitting by temporary assignment.

---

7. This statute was amended in 2007; however, this subsection was not changed.

8. Generally, this Court advises that ineffective assistance of counsel claims be raised in a habeas proceeding. *See* Syllabus Point 10, in part, *State v. Hutchinson*, 215 W.Va. 313, 599 S.E.2d 736 (2004) ("It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied."). We are mindful, however, that Megan S. was not

incarcerated but rather received a sentence of probation. This Court has yet to determine whether a writ of habeas corpus can be issued when a person is sentenced to probation *See Kemp v. State*, 203 W.Va. 1, 2 n. 3, 506 S.E.2d 38, 39 n. 3 (1997) (dismissing defendant's request for writ of habeas corpus based upon ineffective assistance of counsel as moot due to defendant's release from prison but acknowledging that "many state and federal courts have determined that parole or probation is sufficient restriction of freedom to warrant a writ be issued"). That issue, however, is not properly before this Court at this time, and therefore, we will not address it.