# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0591** (Clay County 14-JD-9)

**S.Y., a juvenile,**
**Defendant Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner S.Y., by counsel Kevin C. Duffy, appeals the Circuit Court of Clay County's May 11, 2015, order finding her to be a juvenile delinquent.[1] The State, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) adjudicating her as a juvenile delinquent for committing domestic battery when the State failed to prove beyond a reasonable doubt that she committed that offense; and (2) "considering allegations which would amount to a status offense when weighing the credibility of [petitioner's] testimon[y] against that of the sole witness presented against her, [her legal guardian, A.D.]"[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, the State filed a juvenile delinquency petition against petitioner in which it alleged that she committed the act of domestic battery and other offenses from July to September of 2014. In its petition, the State specifically alleged that petitioner physically attacked A.D. and A.D.'s minor daughter, K.D., on September 21, 2014.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]A.D. relinquished her legal guardianship of petitioner in November of 2014.

In February of 2015, the circuit court held an adjudicatory hearing on the State's petition.[3] At that hearing, the circuit court heard from two witnesses—A.D. and petitioner. A.D. testified that she and petitioner began arguing in July of 2014 when petitioner was removed from a school immersion program due to her prohibited body piercings and for "sneaking out" of student housing after permissible hours. When A.D. began to testify that another child's "mother called and told me" about petitioner sneaking out of the student housing, petitioner's counsel stated "I'm going to object to that, Your Honor." Without further discussion, the circuit court stated "[o]bjection's sustained." A.D. also testified that petitioner would sneak out of her home against her instructions, as alleged in the petition. A.D. claimed that petitioner sneaked out to meet a man. According to A.D.'s testimony, she and petitioner got into a physical altercation on September 21, 2014, when A.D. asked petitioner to end her involvement with that man. In A.D.'s account of the altercation, petitioner "punched [A.D.] between the eyes and kicked [her] in the knee" before subsequently physically attacking her daughter, K.D. Following this testimony, the State rested its case-in-chief. Petitioner then moved to dismiss the charge that petitioner committed domestic battery against K.D. because K.D. did not testify for the State. The circuit court noted that K.D. had no obligation to testify if the evidence was otherwise sufficient to prove the charge and denied the motion.

In her case-in-chief, petitioner testified that A.D. "shoved" her because petitioner made an accusation of attempted sexual abuse about M.R., another child living in A.D.'s home.[4] Petitioner maintained that she merely defended herself from A.D.'s attack. Petitioner further testified upon questioning by her counsel that she left the school immersion program voluntarily and did not sneak out of A.D.'s home to meet a man.

By order entered on May 11, 2015, the circuit court found that the evidence supported the charge that petitioner committed domestic battery against A.D., but that the evidence failed to support the charge of domestic battery as to K.D. In so doing, the circuit court found A.D.'s testimony more credible than petitioner's and specifically noted that petitioner was removed from the school immersion program for non-compliance. Petitioner was later placed on probation. This appeal followed.

West Virginia Code § 49-1-4(9) defines "juvenile delinquent" as "a juvenile who has been adjudicated as one who commits an act which would be a crime under state law or a municipal ordinance if committed by an adult[.]"[5] This Court has explained that "'an

---

[3]Petitioner was represented at the adjudicatory hearing by Wayne King, Esq.

[4]Although unclear from the record on appeal, it appears that M.R. is A.D.'s son. It is also unclear from the record on appeal whether petitioner's accusation of attempted sexual abuse was investigated by law enforcement or the Department of Health and Human Resources, and, if so, what any such investigation found.

[5]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

adjudication of delinquency is subject to the same standards of review on appeal as is a criminal conviction.'" *State v. Eddie "Tosh" K.*, 194 W.Va. 354, 358, 460 S.E.2d 489, 493 (1995) *quoting State v. William T.*, 175 W.Va. 736, 738, 338 S.E.2d 215, 218 (1985). With that in mind, we will set forth the applicable standards of review in our discussion of each assignment of error below.

On appeal, petitioner first argues that the circuit court erred in adjudicating her as a juvenile delinquent for committing an act that would constitute domestic battery when she claims that the State failed to prove that she committed that act beyond a reasonable doubt. West Virginia Code § 61-2-28(a) provides that a person is guilty of the misdemeanor offense of domestic battery when that person "unlawfully and intentionally makes physical contact [] capable of causing physical pain or injury to his or her family or household member or unlawfully and intentionally causes physical harm to his or her family or household member[.]"[6] We review a sufficiency-of-the-evidence argument under the following framework:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). We also note that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id*. at 663, 461 S.E.2d at 169, syl. pt. 3. Viewing the evidence in this case in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that the essential elements of domestic violence were proven beyond a reasonable doubt.

---

[6]Petitioner does not dispute the domestic element of West Virginia Code § 61-2-28(a), which refers to West Virginia Code § 48-27-204 to define when persons are domestic: "'[f]amily or household members' means persons who . . . (5) [a]re or were residing together in the same household[.]" It is clear from the record on appeal that petitioner resided in the same household as A.D. at the time of the underlying incident.

Petitioner now contends that the circuit court erred in finding that her testimony was less credible than A.D.'s testimony as to the events of September 24, 2014. In other words, petitioner's primary request is for this Court to find that the circuit court made improper witness credibility determinations and gave portions of A.D.'s testimony too much weight in light of other circumstances. We have long held that we will not review on appeal questions regarding the credibility of witnesses or the weight of the evidence. *See* Syl. Pt. 2, *State v. Martin*, 224 W.Va. 577, 687 S.E.2d 360 (2009) (holding that "the trier of the facts . . . is the sole judge as to the weight of the evidence and the credibility of the witnesses." (internal quotations and citation omitted)); *Guthrie*, 194 W.Va. at 669, 461 S.E.2d at 175 (holding that "appellate review is not a device for this Court to replace a [fact-finder's] finding with our own conclusion. On review, we will not weigh evidence or determine credibility."); *Id.*, 194 W.Va. at 670 n. 9, 461 S.E.2d at 176 n. 9 (stating that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact. . . . It is for the [fact-finder] to decide which witnesses to believe or disbelieve. Once the [fact-finder] has spoken, this Court may not review the credibility of the witnesses."); Syl. Pt. 1, *State v. Harlow*, 137 W.Va. 251, 71 S.E.2d 330 (1952) (holding that "[i]n the trial of a criminal prosecution, where guilt or innocence depends on conflicting evidence, the weight and credibility of the testimony of any witness is for the [fact-finder's] determination.").

At the adjudicatory hearing, A.D. and petitioner gave conflicting accounts of the events of September 24, 2014. The circuit court also heard petitioner's arguments that A.D.'s accounts of that day were incorrect because A.D. was allegedly emotionally distraught at the time and because the five intervening months had blurred A.D.'s memory. Notwithstanding these arguments, the circuit court found A.D.'s testimony that petitioner punched and kicked her more credible than petitioner's claim of self-defense. We find no reason to reverse that finding based on our review of the record on appeal. While it is true that the circuit court found A.D.'s testimony insufficient to adjudicate petitioner as a delinquent for the allegations regarding K.D., petitioner's counsel fails to cite any authority that a finder of fact must credit all or none of a witness' testimony. Likewise, although petitioner asserts that the State failed to introduce any medical evidence to support A.D.'s injuries, she provides no authority that domestic battery can be proven only by medical evidence of a victim's injuries. The testimony regarding petitioner's physical attack on A.D. is sufficient under the facts of this case to support petitioner's adjudication as a juvenile delinquent. As such, we find no merit to petitioner's first assignment of error.[7]

Petitioner next assigns error to the circuit court's consideration of evidence of her involvement in the school immersion program when it weighed her credibility as a witness.

---

[7]To the extent petitioner argues that the circuit court failed to apply the correct legal standard and, instead, adjudicated her as a juvenile delinquent "out of an abundance of caution," we note that petitioner's counsel fails to cite any portion of the record on appeal or legal authority to support this claim. As such, we do not address this concern. *See* W.Va. R. App. P. 10(c)(7) (providing that "[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal").

Petitioner claims that, even if true, evidence of her involuntary removal from the school immersion program was improper for the circuit court's consideration because it was not alleged in the petition and amounts to a status offense. Petitioner also argues that evidence of the school immersion program constituted inadmissible hearsay.[8] We have long held that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998). Further, "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, 301 S.E.2d 596, 599 (1983)." Syl. Pt. 3, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010).

Following a thorough review of the record herein, we find no error in the circuit court's consideration of the circumstances of petitioner's school immersion program. We first note that petitioner provided an extremely abbreviated objection below to A.D.'s testimony about the school immersion program that did not raise any of her current arguments regarding that evidence. As such, our review would be quite hindered. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996). While we may speculate at the nature of petitioner's objection to A.D.'s testimony, we find it unnecessary to do so. Despite the obscurity of petitioner's objection, it is abundantly clear from the record on appeal that the circuit court sustained it and the State did not introduce any further evidence of the school immersion program at that time.

However, in her case-in-chief, petitioner testified that she was not removed from the school immersion program as A.D. had claimed. Therefore, petitioner introduced in her defense the very evidence she had successfully precluded from the State's case-in-chief. We have long explained that, generally, a party may not introduce error and then later use that error as a means

---

[8]On this issue, petitioner cites no case law or other legal authority to support her claims. We caution petitioner's counsel that Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, "Re: Filings That Do Not Comply With the Rules of Appellate Procedure," Chief Justice Menis E. Ketchum specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, he explained that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal. . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

to set aside its consequences. In *State v. Crabtree*, 198 W.Va. 620, 627 482 S.E.2d 605, 612 (1996), this Court stated that

> "[i]nvited error" is a cardinal rule of appellate review applied to a wide range of conduct. It is a branch of the doctrine of waiver which prevents a party from inducing an inappropriate or erroneous response and then later seeking to profit from that error. The idea of invited error is not to make the evidence admissible but to protect principles underlying notions of judicial economy and integrity by allocating appropriate responsibility for inducement of error. Having induced an error, a party in a normal case may not at a later stage of trial use the error to set aside its immediate and adverse consequences.

Given petitioner's introduction of this evidence following her sustained objection to it during the State's case-in-chief, we find that petitioner is not now entitled to relief on that issue.

For the foregoing reasons, the circuit court's May 11, 2015, order finding her to be a juvenile delinquent is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**VOLUNTARILY DISQUALIFIED:**

Justice Brent D. Benjamin